Per Curiam.

Respondent is a part-time Town Justice of the Town of Fallsburg in Sullivan County. He is also an attorney and in addition to his duties as a Town Justice has engaged in the practice of law since his appointment to the Bench in 1971.
On January 18, 1978 the present proceeding against respondent was commenced by order of the Court on the Judiciary. A formal written complaint containing 68 charges was served upon the respondent on February 1, 1978. Respondent’s answer contained denials of the allegations of wrongdoing set forth in the complaint and asserted 11 affirmative defenses. By order dated July 12, 1978 the matter was referred to The Honorable Raymond C. Baratta, Acting Justice of the Supreme Court, to hear and report. A four-day hearing was held before the Referee; during the course of which the petitioner *1060 withdrew four and the respondent admitted 40 of the charges. Subsequent to the hearing petitioner withdrew an additional three charges. Of the remaining 21 contested charges, the Referee sustained 18 in full, sustained some but not all of the enumerated instances of misconduct underlying two more of the charges and dismissed one charge.
The 58 charges sustained in full and the two charges sustained in part involve respondent (1) using the influence of his judicial office to obtain favorable dispositions of a speeding charge pending against himself and a motor vehicle infraction pending against his wife, (2) using the influence of his judicial office to benefit clients of his law practice, (3) practicing law before the other Fallsburg Town Justice and permitting his co-Justice and the co-Justice’s law partner to practice before him in violation of 22 NYCRR 33.5 (f) and section 16 of the Judiciary Law, (4) practicing law before other lawyer Judges presiding in the same county in violation of 22 NYCRR 33.5 (f), (5) making and granting requests for special consideration for defendants in motor vehicle cases — so-called "ticket fixing”, and (6) at one time or another, acting in his judicial capacity and as attorney for both the plaintiff and the defendant in the same contested action.
On January 15, 1980 counsel to the Court on the Judiciary moved to confirm the Referee’s report and to remove the respondent from office. The respondent moved to disaffirm so much of the Referee’s report as in whole or in part sustained 20 of the contested charges. In our opinion the evidence before the Referee was more than ample to support his findings and accordingly his report is confirmed in its entirety.
We now turn to the question of an appropriate sanction for the respondent’s misconduct. Respondent has admitted numerous instances of soliciting and granting favorable dispositions in motor vehicle cases. In one instance he wrote to a Justice of another Town Court on his judicial stationery seeking special consideration in connection with a speeding ticket he had received. He also sought special consideration for his wife and clients of his law practice. He practiced law in his own court before his co-Justice and permitted his co-Justice to practice before him. He practiced before other lawyer Justices in the same county in violation of the rules of the Administrative Board of the Judicial Conference.
The most striking example of misconduct occurred when in *1061 May, 1974, Simmie Williams, a client of his law practice, came to see respondent in connection with a civil claim he had against one Stanley Smith arising out of an automobile accident. Smith was also respondent’s client. Respondent issued a summons ordering the appearance of Smith in the Town of Fallsburg Justices’ Court and signed the name of his co-Justice Murry Gaiman thereto because, as he admitted in his testimony before the Referee, 'T didn’t want my client, Stanley Smith, to see that I was involving myself as a judge in a case in which he was a defendant”. Thereafter Smith received the summons and brought it to respondent, his lawyer, for advice. Respondent then sent the summons to Smith’s insurance carrier by letter on his law office stationery noting that Smith was his client. The defendant’s insurance company refused to settle the case and the plaintiff Williams came to see respondent asking for a trial. Respondent then wrote to his co-Justice on his judicial stationery requesting that the matter be set down for a trial and suggesting that if the insurance company was acting in good faith they would inspect Williams’ car "and make him a settlement offer.” Respondent sent a copy of this letter to the defendant’s insurance company. By doing so, respondent improperly used the influence and prestige of his judicial office to encourage the settlement of a disputed claim at a time when he was rendering legal advice to both parties and had previously informed the insurance carrier that he was the attorney for the defendant. The prejudicial effect of this letter was twofold. First, it constituted an improper communication from one Town Justice attempting to influence the other Justice before whom the case was pending by informing him that if the matter went to trial it would only be because the insurance company had failed to settle in good faith. Second, from the viewpoint of the insurer, it could only cast doubt upon the independence, integrity and impartiality of the Justice to be obtained in the Justices’ Court of the Town of Fallsburg. Respondent’s actions in this one illustrative case violated the rules of the Administrative Board of the Judicial Conference governing judicial conduct (22 NYCRR 33.1, 33.2, 33.3 [a] [1], 33.3 [a] [4], 33.5 [f]) and Canons 1 and 2 of the Code of Judicial Conduct.
On February 12, 1974 respondent and other Town and Village Justices from Sullivan County were called to appear at a meeting before the Justices of the Appellate Division, *1062 Third Department, where they were admonished for improper conduct including, inter alia, violation of certain rules of the Administrative Board of the Judicial Conference which forbade lawyer Justices from appearing before other lawyer Justices in the same county and the practicing of law by Justices in their own court before their co-Justices. The Village and Town Justices in attendance were advised that their conduct should be free from the appearance of impropriety. The unequivocal implication of this meeting was that thereafter Village and Town Justices would be held to the highest ethical standards and should govern themselves accordingly. Despite this, the respondent committed 38 of the sustained charges of misconduct after he was admonished by the Appellate Division.
Respondent should be removed (cf. Matter of Gaiman, 49 NY2d [m], decided herewith).
Presiding Officer Birns and Judges Damiani, Cohalan, Jr., Moule and Simons concur.
Dated: March 18, 1980
Harold Birns (Signed) Harold Birns
Presiding Officer, Court on the Judiciary
Hyman W. Gamso (Signed) Clerk of the Court on the Judiciary